**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JOHN R. BUTCHER,                                                                      PLAINTIFF
ADC # 96352

v.                                            3:25CV00034-LPR-JTK

DEXTER PAYNE                                                                          DEFENDANT

**ORDER**

John R. Butcher ("Plaintiff") is confined in the North Central Unit of the Arkansas Division

of Correction ("ADC") .   He filed this pro se action under 42 U.S.C. § 1983 against Dexter Payne

(Doc. No. 1).   Plaintiff also has filed a Motion to Proceed In Forma Pauperis ("IFP Motion").

(Doc. No. 7).

**I.    In Forma Pauperis Motion**

Plaintiff's IFP Motion includes the appropriate financial information and makes the

showing required by statute. Accordingly, Plaintiff's Motion will be granted.[1]

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of

$350 for this action.[2]   Plaintiff submitted a certified copy of his Inmate Trust Fund Account

---

[1] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states, in part: "If any communication from the Court to a pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.

In addition, if Plaintiff has not completely exhausted his administrative remedies with respect to all his claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, he may file a motion to dismiss his unexhausted claims.

[2] Effective December 1, 2023, the statutory filing fee for civil actions increased to $405, due to the implementation of a $55 administrative fee. This $55 fee does not, however, apply to in

Statement.   Based on that information, an initial partial filing fee of $37.17 is assessed by this Order.   If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, Plaintiff's custodian or his/her designee shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00.   Regardless of the balance in the account, Plaintiff's custodian or his/her designee shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Thereafter, Plaintiff will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Plaintiff's prison trust account each time the amount in the account exceeds $10.00.   Plaintiff's custodian or any future custodian is required to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from the Plaintiff's prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

_____

forma pauperis actions.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.   Facts and Analysis

Plaintiff's claims in this lawsuit arise from alleged deliberate indifference to serious medical needs and retaliation. (Doc. No. 1). When Plaintiff was sent to the Malvern Medical Diagnostic Unit in 2023, he was on crutches. (Id. at 1). Plaintiff's crutches were taken from him and Ms. Strickland told Plaintiff he could not have the crutches, medication, or the surgery Plaintiff needed for a torn meniscus in his right knee. (Id. at 1-2). When Plaintiff wrote grievances, he was told his knee did not constitute an emergency. (Id. at 2). Plaintiff says he was denied appropriate medical care for 16 months. (Id.).

The Court needs further information to properly screen Plaintiff's claims. In the caption of the case, Plaintiff named "Dexter Payne, et al." as Defendants. (Id. at 1). But Plaintiff did not name the other individuals he intended to sue in this case. Plaintiff will be given the chance to provide more detail in a superseding Amended Complaint.

## IV.   Superseding Amended Complaint

If Plaintiff decides to amend his Complaint, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an

Amended Complaint renders his original Complaint without legal effect.[3]  Only claims properly set out in the Amended Complaint will be allowed to proceed.   Therefore, Plaintiff's Amended Complaint should: **1) name each as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; and 6) explain the relief he seeks.**

If Plaintiff does not submit an Amended Complaint, I will continue screening his original Complaint.   See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

## V.      Conclusion

IT IS, THEREFORE, ORDERED that:

1.       Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 7) is GRANTED.

2.       Plaintiff's custodian or his designee shall collect from Plaintiff's prison trust account an initial partial filing fee in the amount of $37.17 and shall forward the amount to the Clerk of the Court.   Said payment shall be clearly identified by the name and number assigned to this action.

3.       Thereafter, Plaintiff's custodian or his designee, or any future custodian, shall collect from Plaintiff's prison trust account the remaining balance of the $350 filing fee by

---

[3] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20 percent

of the preceding month's income credited to the prisoner's trust account and forwarding payments

to the Clerk of the Court each time the amount in the account exceeds $10.00.   28 U.S.C.

§ 1915(b)(2).   The payments shall be clearly identified by the name and number assigned to this

action.

      4.      The Clerk shall forward a copy of this Order to the Warden of the North Central

Unit of the Arkansas Department of Correction, 10 Prison Circle, Calico Rock, Arkansas 72519;

the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and

the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

      5.      If Plaintiff wishes to submit an Amended Complaint for the Court's review, he shall

file the Amended Complaint consistent with the above instructions within thirty (30) days from

the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will continue

screening his original Complaint.   See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

      6.      The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983

Complaint form.

      Dated this 19th day of March, 2025.

                                                        _____

                                                        JEROME T. KEARNEY
                                                        UNITED STATES MAGISTRATE JUDGE