IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN R. BUTCHER                                                                          PLAINTIFF
ADC #96352

v.                                       Case No. 3:25-cv-00034-LPR-JTK

DEXTER PAYNE, et al.                                                                  DEFENDANTS

### ORDER

The Court has received the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 22) and the Plaintiff's Objections (Doc. 35). After a *de novo* review of the PRD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the PRD as its findings and conclusions in all respects.[1]

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's claims challenging the revocation of his suspended sentence, along with his HIPAA claims, retaliatory discipline claims, corrective inaction claims (against Wellpath LLC and HIG Capital Corporation), and access-to-the-courts claims, are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      The Clerk is instructed to terminate John Felts, Veronica Jackson, David W.

---

[1] The Court wishes to clarify two points with respect to the PRD.  First, the Court reads section B.2 of the PRD as concluding that (1) Plaintiff has not pled corrective inaction claims against Wellpath LLC or HIG Capital Corporation, and (2) Plaintiff has failed to state *any* claims against HIG Capital Corporation (thus warranting its dismissal as a party to the case).  *See* PRD (Doc. 22) at 6–7.  The Court agrees on both fronts and adopts the PRD accordingly.

Second, although the PRD correctly states that "Plaintiff . . . alleges Dr. Harreman, Shawn Anderson, Sandra Lake, and Lisa Downing were deliberately indifferent to his serious medical needs," Dr. Harreman is not named as a defendant in this case.  *Id.* at 5; *see* Am. Compl. (Doc. 18) at 12.  Even if Dr. Harreman were a defendant, however, Plaintiff does not remotely state a viable claim against Dr. Harreman.  As far as the Court can tell, the only reference to Dr. Harreman in the Amended Complaint is the singular conclusory statement that Dr. Harreman (along with multiple other medical providers) acted with deliberate indifference in some unidentified way.  Plaintiff has not asserted that Dr. Harreman was erroneously omitted as a defendant in this case, so the Court sees no reason to update the docket to include—and then dismiss—Dr. Harreman as a defendant.

Talley, Jr., Austin Powell, the Arkansas Parole Board, and HIG Capital Corporation as parties to this action.

3.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order would not be taken in good faith.

IT IS SO ORDERED this 6th day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

2