## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**JOHN R. BUTCHER**                                                              **PLAINTIFF**
**ADC #96352**

**v.**                                **Case No. 3:25-cv-00034-LPR-JTK**

**DEXTER PAYNE, et al.**                                                      **DEFENDANTS**

### ORDER

The Court has received the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 40) and the Plaintiff's Objections (Doc. 51). After a *de novo* review of the PRD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the PRD as its findings and conclusions in all respects.[1]   Accordingly, the Medical Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. 24) is DENIED.

IT IS SO ORDERED this 6th day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] Two additional points bear mentioning.  First, although Plaintiff filed Objections to the PRD, Plaintiff actually states that he "does not object to the main proposed findings and recommendations of the Magistrate filed on July 17th, 2025 . . . ."  Pl.'s Objections (Doc. 51) at 2.  That's not surprising because the PRD recommends denying the Defendants' Motion for Summary Judgment.  Plaintiff's Objections appear to be directed at an earlier-filed PRD entered on May 20, 2025, wherein Judge Kearney screened Plaintiff's Amended Complaint and recommended dismissal of various claims and defendants.  But the 14-day window to file objections to that PRD expired on June 3, 2025.  The Objections at issue were filed months later, on August 28, 2025.  In the absence of good cause shown, the Court will not consider Doc. 51 for any purpose other than objecting to the July 17, 2025 PRD designated on the docket as Doc. 40.   Second, the Court believes the exhaustion issue addressed in the PRD (*see* Doc. 40 at 6–7) is a close call.  Although the Court concludes—by the slimmest of margins—that the *Hammett* rule was correctly relied on by the PRD in the circumstances of this case, there is certainly a persuasive argument in the other direction.  *See Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014) (where a grievance that was addressed on the merits complains about one defendant's conduct, but does not complain about a second defendant's conduct, plaintiff has not exhausted his administrative remedies with respect to the second defendant).  An eventual appeal on this issue would be more than understandable, and it would give the Eighth Circuit an opportunity to address the tension between the *Hammett* rule and cases like *Burns v. Eaton*.