## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**JOHN R. BUTCHER**                                                                    **PLAINTIFF**
**ADC #96352**

**v.**                                     **Case No. 3:25-cv-00034-LPR-JTK**

**DEXTER PAYNE, et al.**                                                          **DEFENDANTS**

### <u>ORDER</u>

The Court has received the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 80).  No objections have been filed, and the time to do so has expired.  After a *de novo* review of the PRD, along with careful consideration of the entire case record, the Court hereby approves and adopts the PRD as its findings and conclusions in all respects.[1]

Accordingly, Defendant Payne's Motion for Summary Judgment (Doc. 62) is GRANTED.  Plaintiff's claims against Defendant Payne are DISMISSED without prejudice based on Plaintiff's failure to exhaust his administrative remedies.  The Clerk is directed to terminate Defendant Payne as a party to this action.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order would not be taken in good faith.

IT IS SO ORDERED this 6th day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] The heart of the PRD's analysis (*see* Doc. 80 at 8) relies on the logic of *Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014).  The Court agrees that, as to the claim(s) against Defendant Payne, the logic of *Burns v. Eaton* is clearly applicable.  Accordingly, the *Hammett* rule cannot save Plaintiff's failure to identify Defendant Payne (or his allegedly wrongful conduct) in the single exhausted grievance in this case.  *See* Doc. 83 at n.1.